UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>DANIYAR TUYAKBAYEV,<br><br>                    Defendant. | Case No. 15-cr-00086-MEJ-1<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

## INTRODUCTION

Defendant Daniyar Tuyakbayev ("Defendant") is charged with driving under the influence of alcohol in violation of 36 C.F.R. § 1004.23(a)(1) and operating a motor vehicle with a blood alcohol content over .08 percent in violation of 36 C.F.R. § 1004.23(a)(2), both Class B Misdemeanors. Defendant waived his right to testify and to call any witness on his own behalf, and the parties submitted stipulated facts without a bench trial. Dkt. No. 21 ("Stip. Facts"). Having evaluated the parties' stipulations and the relevant legal authority, the Court renders the following Findings of Fact and Conclusions of Law, pursuant to Federal Rule of Criminal Procedure 23(c).

## FINDINGS OF FACT

1.    On January 18, 2015, Officer Eric Cole was a United States Park Police Officer on patrol in the area of Lincoln Boulevard and Pershing Drive, which is federal land administered by the Presidio Trust and land under the exclusive jurisdiction of the United States. Officer Cole has been a police officer for about four years, and in that time conducted over 125 driving under the influence ("DUI") investigations and taken a 40-hour specialized training course related to DUI

investigation. Stip. Facts at 2:3-7.

2. At approximately 11:37 p.m., Officer Cole stopped a car driven by Defendant Daniyar Tuyakbayev after Officer Cole observed the car speeding and lacking a front license plate. During the traffic stop, Officer Cole smelled alcohol coming from inside of the car and the Defendant admitted to having consumed alcohol. Defendant stated he last consumed alcohol about four hours earlier. Defendant's eyes were red. *Id.* at 2:8-12.

3. Officer Cole administered standardized Field Sobriety Tests ("FSTs"): the Horizontal Gaze Nystagmus ("HGN") test, the Walk and Turn test, and the One Leg Stand test. On the HGN test, Officer Cole observed all three potential indicators of impairment. On the Walk and Turn test, Defendant had difficulty maintaining the instructed position, started early, stumbled several times, missed touching heel-to-toe once, nearly fell while turning, and took an incorrect number of steps. On the One Leg Stand test, Defendant twice skipped a number before correcting himself while counting out loud, stopped the test early, and heavily slurred his speech. Officer Cole concluded based on his training and experience that Defendant's performance on each of the FSTs was consistent with impairment to the point of being unable to safely operate a motor vehicle. Officer Cole administered a Preliminary Alcohol Screening ("PAS") test, which registered Defendant's blood-alcohol content ("BAC") at .168 percent at 11:53 p.m. and .146 percent at 11:56 p.m. *Id.* at 2:13-3:1.

4. Taking into account Defendant's driving, objective symptoms of intoxication, performance on FSTs, and PAS results, Officer Cole concluded Defendant was too impaired by alcohol to safely operate a motor vehicle and placed him under arrest for DUI. *Id.* at 3:2-4.

5. Officer Cole administered an evidentiary breath test at the police station using the Intoxilyzer Model 5000. The tests registered Defendant's BAC at .167 percent at 12:29 a.m. and .141 percent at 12:30 a.m. Officer Cole did not observe any significant change in Defendant's objective symptoms of impairment between his first observation of Defendant and the time of the breath test at the police station. *Id.* at 3:5-8.

6. Sergeant Robert Jansing has worked with the United States Park Police for twenty-eight years. He is trained in the administration and maintenance of breath testing equipment

1  including the Intoxilyzer 5000 and PAS device used by Officer Cole during this investigation.
2  Sergeant Jansing properly maintained the breath equipment used by Officer Cole to test
3  Defendant's breath, and both machines were properly calibrated when Officer Cole took
4  Defendant's breath tests. *Id.* at 3:9-13.

5  7. Well-established methods of calculating BAC over time in the field of forensic
6  toxicology indicate that if Defendant's BAC was .141 percent or higher at 12:30 a.m. as a result of
7  consuming alcoholic beverages over a period of hours that night, his BAC was over .08 percent
8  when he was driving at 11:37 p.m. *Id.* at 3:14-17.

## CONCLUSIONS OF LAW

**A.    36 C.F.R. § 1004.23(a)(1)**

Title 36 of the Code of Federal Regulations, Section 1004.23(a)(1) provides that "Operating or being in actual physical control of a motor vehicle is prohibited while [u]nder the influence of alcohol . . . to a degree that renders the operator incapable of safe operation." 36 C.F.R. § 1004.23(a)(1). Based on the evidence above, the Government has established beyond a reasonable doubt that Defendant was driving while under the influence of alcohol to a degree that rendered operation of the vehicle unsafe.

The Government proved beyond a reasonable doubt that Defendant was operating a motor vehicle when Officer Cole pulled him over on January 18, 2015, at 11:37 p.m. The Government also proved beyond a reasonable doubt that Defendant was under the influence of alcohol to a degree that rendered him incapable of safe operation of a motor vehicle. Defendant's objective symptoms of intoxication, performance on FSTs as described by a police officer with specialized training and experience in recognizing impaired drivers, PAS results, and evidentiary breath test results all indicate he was under the influence of alcohol to a degree that rendered him incapable of safe operation of a motor vehicle.

The Government also met its burden of establishing the offense occurred on federal land administered by the Presidio Trust, which is within the boundaries of the Northern District of California.

**B.     36 C.F.R. § 1004.23(a)(2)**

Title 36 of the Code of Federal Regulations, Section 1004.23(c)(2) provides that "Operating or being in actual physical control of a motor vehicle is prohibited while [t]he alcohol concentration in the operator's . . . breath is . . .10 grams or more of alcohol per 210 liters of breath.  Provided however, that if State law that applies to operating a motor vehicle while under the influence of alcohol establishes more restrictive limits of alcohol concentration in the operator's blood or breath, those limits supersede the limits specified in this paragraph." 36 C.F.R. § 1004.23(a)(2).  In California, "it is unlawful for any person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle." Cal. Veh. Code § 23152(b). Accordingly, .08 percent is the upper limit under 36 C.F.R. § 1004.23(a)(2) for purposes of this case.  Based on the evidence above, the Government proved each element of 36 C.F.R. § 1004.23(a)(2) beyond a reasonable doubt.

The Government proved beyond a reasonable doubt that Defendant was operating a motor vehicle when Officer Cole pulled Defendant over on January 18, 2015, at 11:37 p.m.  The Government also proved beyond a reasonable doubt that the alcohol concentration in Defendant's breath was .08 percent or more while he was operating the motor vehicle.  Officer Cole administered a total of four breath tests on properly calibrated machines within an hour of stopping Defendant, and all four tests showed a concentration of .141 percent breath alcohol or higher.  Well-established methods of calculating BAC over time in the field of forensic toxicology indicate that if Defendant's BAC was .141 percent or higher at 12:30 a.m. as a result of consuming alcoholic beverages over a period of hours that night, Defendant's BAC was over .08 percent when he was driving at 11:37 p.m.  Officer Cole did not observe any significant change in Defendant's objective symptoms of impairment between his first observation of Defendant and the time of the breath tests at the police station.  Officer Cole's observations corroborate the breath test results.

The Government also met its burden of establishing that the offense occurred on federal land administered by the Presidio Trust, which is within the boundaries of the Northern District of California.

## CONCLUSION

Based on the above findings, the Court concludes the Government has met its burden of proving beyond a reasonable doubt that Defendant violated 36 C.F.R. § 1004.23(a)(1) and 36 C.F.R. § 1004.23(a)(2).  Accordingly, the Court finds Defendant GUILTY of violating Title 36 of the Code of Federal Regulations, Section 1004.23(a)(1), and Title 36 of the Code of Federal Regulations, Section 1004.23(a)(2)..

Sentencing in this matter shall be set for May 19, 2016 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.  Defendant is directed to report to the U.S. Probation Office within 14 days of this Order so that work on the Pre-Sentence Report may be commenced.

**IT IS SO ORDERED.**

Dated: December 15, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge