UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DANIYAR TUYAKBAYEV,<br><br>Defendant-Appellant. | Case No. 15-cr-00086-RS-1<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING MOTION TO SUPPRESS AND REQUEST FOR EVIDENTIARY HEARING** |

## I. INTRODUCTION

Defendant-appellant Daniyar Tuyakbayev appeals a Magistrate Judge's denial of his motion to suppress evidence and request for an evidentiary hearing. For the reasons that follow, the Magistrate Judge's order is affirmed.

## II. BACKGROUND

On the night of January 18, 2015, Tuyakbayev was driving his 2014 Ford Mustang through the Presidio of San Francisco when he was stopped by United States Park Police Officer Eric Cole. Cole was outside of his parked car talking to a citizen when he heard a loud engine. He saw Tuyakbayev's Mustang approaching, and estimated it was travelling 50 miles per hour, 20 miles per hour faster than the posted 30 miles per hour speed limit. He also noticed the Mustang was not displaying a front license plate, but he did not observe the back of the vehicle, which displayed a California license plate. Cole commanded the car to stop, and as he approached the driver's window he smelled alcohol. The driver, Tuyakbayev, failed a field sobriety test and registered a blood alcohol content between 0.141% and .168% on subsequent breathalyzer tests.

On February 10, 2015, the government filed a two-count Information charging Tuyakbayev with operating a motor vehicle under the influence of alcohol in violation of 36 C.F.R. § 1004.23(a)(1), and operating a motor vehicle with a blood alcohol content of 0.08% or

greater in violation of 36 C.F.R. § 1004.23(a)(2). On June 12, 2015, Tuyakbayev filed a motion to suppress the evidence obtained from the traffic stop, challenging Cole's basis for the stop and requesting an evidentiary hearing. Tuyakbayev argued the government produced no evidence of reasonable suspicion justifying the stop, and indicated he would file a reply brief to challenge whatever evidence the government identified in response. The government opposed the motion, arguing Cole's observation of Tuyakbayev's speed and Tuyakbayev's failure to display a front license plate created reasonable suspicion for Cole to make the stop. The government included with the response a declaration by Cole attesting to, among other things, his experience with license plate display and his ability to estimate visually the speed of a moving car:

> I have made over one thousand traffic stops. In addition, I regularly conduct traffic enforcement and scrutinize vehicles for evidence of lawful registration while I am on patrol. In my experience, passenger vehicles like the kind driven by Defendant on January 18, 2015 that are registered in California are issued two license plates by the California Department of Motor Vehicles. I have never encountered a non-commercial sedan or coupe that was issued only one license plate by the California Department of Motor Vehicles.
> . . .
> I have been trained and certified to operate motor vehicle speed-measuring equipment including laser-based and radar-based devices. As part of that certification process, I was trained to accurately visually estimate the speed of a moving vehicle. Prior to being certified, I was required to accurately visually estimate within five miles per hour the speed of vehicles moving at various speeds, including speeds between 20 and 80 miles per hour.

Cole Decl. ¶¶ 4, 6. In reply, Tuyakbayev argued Cole's observation of his speed did not provide reasonable suspicion to initiate a stop, and sought an evidentiary hearing to resolve the disputed fact of the speed at which he was driving, which he attempted to draw into doubt with his own declaration attesting he was aware of the 30 mile per hour speed limit and had been driving 30 miles per hour and no faster at the time of the stop. Tuyakbayev also argued a missing front plate did not create reasonable suspicion because "when only one license plate is issued for use upon a vehicle, it shall be attached to the rear thereof." Cal. Veh. Code § 5200(b).

The Magistrate Judge denied the motion to suppress, holding that the absence of a front plate and Cole's visual observation of Tuyakbayev's speed established reasonable suspicion for

1   Cole to initiate the stop. In so doing, the Magistrate Judge also denied Tuyakbayev's request for
2   an evidentiary hearing, holding Tuyakbayev's declaration did not create a disputed issue of fact
3   because it contained no statements supporting the claim he was not speeding. The parties then
4   agreed to a stipulated-facts bench trial, and on December 15, 2015, the Magistrate Judge found
5   Tuyakbayev guilty on both counts. On June 2, 2016, the Magistrate Judge sentenced Tuyakbayev
6   to three years of probation on each count, with the terms to run concurrently. Tuyakbayev now
7   appeals, challenging the Magistrate Judge's denial of his motion to suppress and request for an
8   evidentiary hearing.

### III. LEGAL STANDARD

The Magistrate Judge's legal conclusions, including the lawfulness of a search or seizure, are reviewed *de novo*. *See United States v. Stafford*, 416 F.3d 1068, 1073 (9th Cir. 2005); *Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir. 1986). The Magistrate Judge's decision whether or not to grant an evidentiary hearing is reviewed for abuse of discretion. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). "An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Rabkin v. Oregon Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003) (citation and internal quotation marks omitted).

### IV. DISCUSSION

In addition to disputing whether an evidentiary hearing should have been held regarding Cole's observation of Tuyakbayev's speed and whether Tuyakbayev's failure to display a front license plate justified the stop, the parties dispute the legal standard for deeming a traffic stop justified.

#### A. Justification for a Traffic Stop

The Magistrate Judge evaluated Cole's stop of Tuyakbayev under the "reasonable suspicion" standard. This is the correct standard for traffic stops. *See United States v. Choudhry*, 461 F.3d 1097, 1100 n.2 (9th Cir. 2006). Nonetheless, Tuyakbayev contends "reasonable suspicion" applies only to so-called *investigative* stops, whereas other stops — like for speeding

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER
CASE NO. 15-cr-00086-RS-1
3

— require probable cause, a more demanding standard.[1]  Tuyakbayev constructs this argument by seizing on the Ninth Circuit's statement that "the Fourth Amendment requires only reasonable suspicion in the context of *investigative* traffic stops."  *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (2000) (emphasis added).  According to Tuyakbayev, some stops, like his, are not investigative in nature because an officer will witness a traffic violation in its entirety and will have no need to investigate to confirm or deny her suspicions that a violation occurred.  Tuyakbayev offers no direct support for this distinction; he instead produces it by comparing *Lopez-Soto* to *Whren v. United States*, 517 U.S. 806, 819 (1996) (holding a stop was reasonable under the Fourth Amendment because the officer making the stop had probable cause to believe a traffic violation had occurred).

Of course, *Lopez-Soto* analyzed *Whren* extensively in concluding reasonable suspicion could justify a traffic stop; it could have drawn this distinction, but it did not.  *See* 205 F.3d at 1104-05.  *Lopez-Soto* includes language indicating its holding applied to all traffic stops, implicitly making the point that an investigative stop is synonymous with a traffic stop:  "[No] cases suggest[] that probable cause is the minimum threshold for constitutionally permissible police action in making *a traffic stop*.  In fact, some circuits have explicitly held, post-*Whren*, that reasonable suspicion is all the Fourth Amendment requires."  *Id.* at 1104 (emphasis added) (citations omitted).  In addition to these authorities, common experience demonstrates traffic stops *are* investigative stops.  After making a stop, an officer communicates with the driver in order to investigate if there is an explanation for the suspected violation, whether good (like an emergency) or bad (like intoxication).  Otherwise, an officer would initiate a stop, stay in her car writing a ticket, get out of her car, silently hand the ticket to the driver, and return to her car and drive off.

---

[1] According to the government, Tuyakbayev waived this argument by failing to raise it before the Magistrate Judge, and by affirmatively representing reasonable suspicion was the proper standard to apply.  Tuyakbayev argues, among other things, the rule of waiver should not preclude him from raising this argument because it is "discretionary, not jurisdictional."  *Davis v. Elec. Arts Inc.*, 775 F.3d 1172, 1180 (9th Cir. 2015) (citation and internal quotation marks omitted).  Ultimately, whether Tuyakbayev waived this argument is immaterial because the argument fails on its merits.

This is not how traffic stops transpire.  Accordingly, a traffic stop, like Cole's stop of Tuyakbayev, is an investigate stop, sufficiently justified by reasonable suspicion.  *See Choudhry*, 461 F.3d at 1100 n.2 ("In *Lopez-Soto*, we considered and rejected the argument that *Whren* altered the standard for traffic stops from "reasonable suspicion" to "probable cause."").

### B.  Evidentiary Hearing

An evidentiary hearing on a motion to suppress must be held "when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude" that "a significant disputed factual issue exists such that a hearing is required." *United States v. Howell*, 231 F.3d 615, 620-21 (9th Cir. 2000) (citation and internal quotation marks omitted); *see United States v. Mejia*, 69 F.3d 309, 318 (9th Cir. 1995).  "[W]hether an evidentiary hearing is appropriate rests on the reasoned discretion" of the Magistrate Judge.  *United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir. 1979), *amended on other grounds by* 609 F.2d 433.  An evidentiary hearing "is not required on a motion to suppress if the grounds for suppression consist solely of conclusory allegations of" an illegal search.  *United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001).

Tuyakbayev claims he was not speeding on the night of January 18, 2015, and thus argues the existence of a factual dispute requiring an evidentiary hearing so that he could challenge Cole's ability to estimate visually the speed of a moving vehicle.  In his motion to suppress papers, however, he never made this argument ― he simply claimed he was not speeding and that therefore there was a disputed issue of fact requiring an evidentiary hearing.  *See* Mot. to Suppress Reply at 8 ("To the contrary, Daniyar Tuyakbayev states that he was not speeding . . . . Because Mr. Tuyakbayev was not speeding that evening, Ofc. Cole was not justified in stopping him, and an evidentiary hearing is necessary to resolve this significant disputed fact."); Order Denying Mot. to Suppress at 9-10 ("Defendant does not challenge Officer Cole's testimony that he was trained to visually estimate the speed of moving vehicles, nor does Defendant allege that Officer Cole was unable to accurately determine his vehicle's distance.").  Thus, Tuyakbayev did not "allege facts with sufficient definiteness, clarity, and specificity to enable" the Magistrate Judge to conclude a

"significant disputed factual issue exist[ed]," *Howell*, 231 F.3d at 620-21, and the Magistrate Judge did not abuse her discretion in concluding an evidentiary hearing was not necessary. *See Ramirez-Garcia*, 269 F.3d at 947 (holding conclusory allegations of an illegal search do not necessitate an evidentiary hearing). Accordingly, the Magistrate Judge correctly concluded Cole's estimate that Tuyakbayev was driving 20 miles per hour over the speed limit amounted to reasonable suspicion justifying a stop. *See United States v. Ludwig*, 641 F.3d 1243, 1247 (10th Cir. 2011) ("It's long been the case that an officer's visual estimation can supply probable cause to support a traffic stop for speeding in appropriate circumstances."); *cf. United States v. Sowards*, 690 F.3d 583, 591 (4th Cir. 2012) (citations omitted) ("Thus, where an officer estimates that a vehicle is traveling in significant excess of the legal speed limit, the speed differential — i.e., the percentage difference between the estimated speed and the legal speed limit — may itself provide sufficient 'indicia of reliability' to support an officer's probable cause determination.").

### C. Missing Front License Plate

Tuyakbayev also argues his failure to display a front license plate did not give Cole reasonable suspicion justifying a stop. Because the parties dispute whether Tuyakbayev has waived certain aspects of this argument, and because Cole's visual estimate Tuyakbayev was driving 20 miles per hour over the speed limit independently created reasonable suspicion, *see supra* Part IV.B, it is neither necessary nor appropriate to address this argument.

## V. CONCLUSION

For the foregoing reasons, the order of the Magistrate Judge denying the motion to suppress and the request for an evidentiary hearing is affirmed.

**IT IS SO ORDERED**.

Dated: January 3, 2017

RICHARD SEEBORG
United States District Judge