# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> TUYAKBAYEV, <br> Defendant. | Case No. 15-cr-00086-MEJ-1 <br><br> **ORDER DENYING MOTION TO DISMISS PART OF FORM 12** <br><br> Re: Dkt. No. 60 |

## BACKGROUND

On June 2, 2016, Defendant Daniyar Tuyakbayev was found guilty on two counts relating to his driving under the influence after he entered a plea of not guilty. *See* Am. Judgment, Dkt. No. 59. The Court sentenced Mr. Tuyakbayev to three years of probation, during which time he "shall not unlawfully possess a controlled substance[,] . . . shall refrain from any unlawful use of a controlled substance[, and] shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter." *See* Am. Judgment at 2. Probation administered a drug test on June 2, 2016; the test indicated a presumptive positive for THC but was rejected for testing by the toxicology lab due to a leak in the container. Form 12 at 2, Dkt. No. 42. On June 14, 2016, Mr. Tuyakbayev tested positive for marijuana and admitted he had consumed edibles containing THC. *Id.* On August 19, 2016, Probation administered a third drug test; Mr. Tuyakbayev once again tested positive for marijuana, and the result was confirmed by the toxicology lab. Form 12 at 2. On June 13, 2016, Mr. Tuyakbayev obtained a prescription for medical marijuana from Dr. Howard Ragland, M.D.; on June 15, 2016, Mr. Tuyakbayev obtained a California medical marijuana card to treat his chronic pain. Agarwal Decl. ¶ 3 & Ex. A, Dkt. No. 60.

On September 23, 2016, Probation submitted to this Court that there was probable cause to believe Mr. Tuyakbayev violated the conditions of his Probation by testing positive for marijuana, and requested the issuance of a summons for him to appear in Court. *Id*. at 2-3.

**LEGAL ISSUE PRESENTED**

A congressional appropriations rider prohibits the United States Department of Justice ("DOJ") from using funds to prosecute conduct permitted by state marijuana laws. *See United States v. McIntosh*, 833 F.3d 1163, 1177 (9th Cir. 2016) (the rider "prohibits DOJ from spending funds from relevant appropriations acts for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws."); *United States v. Kleinman*, 859 F.3d 825, 831 (9th Cir. 2017) ("Since December 16, 2014, congressional appropriations riders have prohibited the use of any DOJ funds that prevent states with medical marijuana programs (including California) from implementing their state medical marijuana laws. . . . All of these riders are 'essentially the same' . . . and the current rider will remain in effect until at least September 30, 2017."). But the appropriations rider

> prohibits the federal government only from preventing the implementation of those specific rules of state law that authorize the use, distribution, possession, or cultivation of medical marijuana. DOJ does not prevent the implementation of rules authorizing conduct when it prosecutes individuals who engage in conduct unauthorized under state medical marijuana laws. Individuals who do not strictly comply with all state-law conditions regarding the use, distribution, possession, and cultivation of medical marijuana have engaged in conduct that is unauthorized, and prosecuting such individuals does not violate [the rider]. Congress could easily have drafted [the rider] to prohibit interference with laws that address medical marijuana or those that regulate medical marijuana, but it did not. Instead, it chose to proscribe preventing states from implementing laws that authorize the use, distribution, possession, and cultivation of medical marijuana.
>
> If DOJ wishes to continue these prosecutions, Appellants are entitled to evidentiary hearings to determine whether their conduct was completely authorized by state law, by which we mean that they strictly complied with all relevant conditions imposed by state law on the use, distribution, possession, and cultivation of medical marijuana. We leave to the district courts to determine, in the first instance and in each case, the precise remedy that would be appropriate.

*McIntosh*, 833 F.3d at 1179.

In *United States v. Nixon*, the Ninth Circuit held the congressional rider does not "impact[] the ability of a federal district court to restrict the use of medical marijuana as a condition of probation." 839 F.3d 885 (9th Cir. 2016) (per curiam).[1] The Ninth Circuit, in a footnote, declined to reach the issue whether the appropriations rider affected the DOJ's ability to participate in post-sentencing proceedings. *Id*. at 887 n.2.

## ANALYSIS

Mr. Tuyakbayev concedes marijuana is an unlawful substance under federal law, and that the Court can impose restrictions on marijuana use as a condition of probation; however, he contends that this condition cannot be enforced. *See* Mot. at 4-5. In order to decide the Form 12, he argues this Court will need to hold an evidentiary hearing, which will require participation of the DOJ, but the DOJ cannot participate in the proceedings because of the appropriations rider. *Id*. at 5-6. Because Mr. Tuyakbayev's use of medical marijuana was permitted by California law once he obtained a physician's recommendation to use marijuana for pain management, he argues the congressional rider prohibits the DOJ from using funds to prosecute him for using medical marijuana after June 13, 2016. Mr. Tuyakbayev accordingly seeks to dismiss the Form 12 in part, arguing he cannot be prosecuted by the DOJ for the June 14, 2016 and August 19, 2016 probation violations. *Id*.

The appropriation rider prohibits the DOJ from using funds to prevent states, such as California, "from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana." *McIntosh*, 833 F.3d at 1169 (quoting Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113–235, § 538, 128 Stat. 2130, 2217 (2014)). Mr. Tuyakbayev has offered no explanation for why conducting a hearing on a Form 12 to determine whether a defendant violated a condition of his probation

---

[1] Nixon had moved the district court to modify his conditions of release to allow him to use medical marijuana during his probation. 839 F.3d at 887. The district court denied his motion, reasoning "it was statutorily required to prohibit use of federally controlled substances, including marijuana, as a condition of probation." *Id*. It also concluded that "whatever its impact on the [DOJ], the appropriations rider had 'no effect on the Court or the Probation Office, which is an arm of the Court.'" *Id*.

3

prevents California from implementing its own State laws regarding medical marijuana. The Court cannot discern one, as California law permits California courts to prohibit use of medical marijuana as a condition of post-conviction supervision. *See People v. Hughes*, 202 Cal. App. 4th 1473, 1479-81 (2012) ("[T]he only reasonable interpretation of [the California Medical Marijuana Program ('MMP')] is that it authorizes a trial court to impose a condition of probation that prohibits a defendant from the use of medical marijuana" if the prohibition is reasonably related to the crime for which defendant was convicted or to future criminality); *see also People v. Leal*, 210 Cal. App. 4th 829, 847-48 (2012) (reviewing California's Compassionate Use Act and concluding that "it does not appear that voters had in mind such an attenuated view of a criminal 'sanction' that they meant to abrogate a court's long-standing authority . . . to prohibit lawful behavior" such as medical marijuana; and that the MMP "does not in any way diminish the court's authority and discretion to limit or proscribe lawful conduct."). Thus, California courts applying California law regarding medical marijuana have found trial courts have discretion to prohibit the use of medical marijuana by medical marijuana card holders as a condition of post-conviction release. Simply put, proscribing the otherwise-lawful use of medical marijuana as a condition of post-conviction release does not interfere with California laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

This Court ordered Mr. Tuyakbayev to abide by certain conditions during his probation, including refraining from possessing or using controlled substances, and ordered him to submit to drug testing. The fact these conditions are congruent with California law leads the Court to

conclude that holding the required Form 12 hearing, with the DOJ's participation, would not interfere with California medical marijuana laws, and thus would not violate the appropriations rider.[2]

Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: August 10, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] The appropriations rider only prohibits the DOJ from using funds to "prosecute" defendants from conduct that is in strict compliance with state medical marijuana laws. The Court notes that probation revocation hearings are "not a stage of a criminal prosecution" but nevertheless implicate due process rights because they result in a loss of liberty. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (superseded by statute on other ground).